UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE L. MITCHELL-BETTINE, ) | |
| ) | CASE NO. C12-5279-RAJ-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | RE: SOCIAL SECURITY |
| MICHAEL J. ASTRUE, ) | DISABILITY APPEAL |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Diane Mitchell-Bettine proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be reversed and remanded for further proceedings.

//

//

//

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1956.[1] She has a GED and some college education, and has previously worked in retail sales, as a warehouse laborer, as an in-home caregiver, and as a trainer for people with developmental disabilities. (AR 53-59, 187.)

On June 24, 2008, Plaintiff filed an application for DIB. (AR 122-24.) That application was denied initially and on reconsideration, and Plaintiff timely requested a hearing. (AR 76-81, 85-86.)

On July 29, 2010, ALJ Verrell Dethloff held a hearing, taking testimony from Plaintiff. (AR 45-73.) On August 16, 2010, the ALJ issued a decision finding Plaintiff not disabled. (AR 30-40.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 1, 2011 (AR 11-14), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff not engaged in substantial gainful activity between January 5, 2002, and the date last insured. (AR 35.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that prior to Plaintiff's date last insured, the record did not contain medical signs or laboratory findings substantiating the existence of any medically determinable impairment. (AR 35-37.) The ALJ thus found Plaintiff not disabled at step two and did not continue on to any further steps in the sequential evaluation process.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in finding that none of her impairments were medically determinable. The Commissioner concedes that the ALJ erred in finding Plaintiff's mental impairments to be not medically determinable, but argues that the error was harmless because her mental impairments were nonetheless not severe.

<u>Step-Two Findings</u>

The ALJ summarized the medical records related to the relevant period (AR 35-37), and ultimately concluded:

> After considering all of the relevant medical evidence the undersigned finds that in 2002, the claimant experienced an episode of depression, exacerbated by polysubstance abuse, which was brought under control with medication, therapy and substance abuse treatment. This condition did not last for a continuous period of not less than 12 months. Other records reflect that on or about the claimant's date last insured, she did not have a medically determinable severe impairment.
>
> Accordingly, there were insufficient medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured. As indicated, claimant has the burden of establishing a severe impairment, and of providing sufficient evidence to establish a residual functional capacity. In this case the record is inadequate to establish a residual functional capacity for the claimant prior to the date last insured. The conclusion must be reached that she had no severe impairment prior to that date. *See generally,* Social Security Ruling 96-4p.

(AR 37.) The ALJ went on to explain why Plaintiff's testimony, and the evidence provided by her ex-husband, was insufficient to establish the existence of a medically determinable impairment. (AR 38-39.)

The Commissioner now concedes that the ALJ erred in finding that Plaintiff had not established the existence of medically determinable mental impairments, but that this error is harmless because Plaintiff's mental impairments were not severe. In order to offer this harmless-error analysis, the Commissioner argues that the medical evidence indicates that Plaintiff's impairments are not severe.

While the Commissioner may believe the medical evidence establishes only mild impairment, the ALJ did not explicitly enter such a finding nor fully analyze the medical evidence for purposes of evaluating the severity of Plaintiff's impairments during the relevant time period. For example, the ALJ referenced the opinion of Andrew Hwang, M.D., who evaluated Plaintiff in 2002 and opined that she had moderate, marked, and severe functional limitations, and the opinion of John Haws, M.D., who also evaluated Plaintiff in 2002 and

assigned her a Global Assessment of Functioning ("GAF") score of 55. (AR 36 (citing AR 221-228).) The ALJ did not assign any particular weight to those opinions, though he noted that he believed Dr. Hwang's opinion had less probative value than the opinions of treating sources, such as Lynne Dearing, ARNP, who met with Plaintiff for psychiatric services over a period of years, beginning in 2003. (AR 36.) The record contains Ms. Dearing's treatment notes from the relevant time period, but these notes do not shed much light on Plaintiff's functional capabilities. Most of them are hand-written and difficult to decipher, and while they seem to suggest that Plaintiff's medication stabilized her mental status, illegible treatment notes obscure any information regarding what functional abilities remained during the relevant period. (AR 225-61.) Furthermore, Plaintiff testified at the administrative hearing about the effect of her depression on her ability to leave her house unaccompanied or even get out of bed in 2004 and 2005. (AR 63-68.)

Though the ALJ noted that various providers had diagnosed Plaintiff with multiple mental disorders, the ALJ rejected those diagnoses because Plaintiff's symptoms were "brought under control with medication, therapy and substance abuse treatment," and did not last for a continuous period of at least twelve months. (AR 37.) Though the ALJ states that he concludes that Plaintiff's impairments are not medically determinable, some of his analysis (e.g., the discussion of Plaintiff's amenability to treatment) suggests that he considered the severity of Plaintiff's symptoms without explicitly discussing it. The ALJ's lack of explicit discussion of Plaintiff's symptoms is particularly absent regarding her testimony and her ex-husband's evidence; because the ALJ concluded that neither Plaintiff's nor Plaintiff's ex-husband could provide probative evidence as to the existence of a medically determinable

impairment, he truncated his analysis of their testimony and did not fully evaluate their credibility. (AR 38-39.)

The ALJ's truncated approach prevents the Court from concluding that the ALJ's error is harmless, as the Commissioner urges. Though the Commissioner contends that the ALJ's decision should be affirmed because "medical records establish [that] Plaintiff's mental impairments were mild," the ALJ did not actually enter such a finding, given that he found that the evidence did not support the existence of impairments at all. *See* Dkt. 13 at 5. The Commissioner essentially asks the Court to do what it concedes the ALJ should have done: weigh the medical evidence, along with Plaintiff's testimony and the lay evidence, in order to determine that Plaintiff's impairments during the relevant period were not severe. The Court may review an ALJ's decision for legal error and to determine if it is supported by substantial evidence, but cannot review a finding that was not made: namely, whether Plaintiff's impairments are severe. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

Because the Commissioner concedes that the ALJ erred in finding that Plaintiff's impairments were not medically determinable, and because the Court cannot find this error to be harmless on the record before it, this case must be remanded for additional administrative proceedings.

## **CONCLUSION**

For the reasons set forth above, this matter should be REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall consider the severity of

Plaintiff's medically determinable impairments, and proceed through the disability evaluation process if necessary.

DATED this 24th day of January, 2013.

Mary Alice Theiler
United States Magistrate Judge

BRIEFING SCHEDULE FOR
A SOCIAL SECURITY CASE
PAGE -7